Michael L. Rodenbaugh
California Bar No. 179059
Erin Dennis Vivion
California Bar No. 262599
*RODENBAUGH LAW*
548 Market Street
San Francisco, CA   94104
(415) 738-8087 phone/fax
info@rodenbaugh.com

Attorneys for Plaintiff
KIM GOEDDE

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM GOEDDE,<br><br>           Plaintiff,<br><br>    v.<br><br>JACK SHAMAMA, et al.,<br><br>           Defendants. | Case No. 3:13-00195 JST<br><br>**JOINT CASE MANAGEMENT STATEMENT, REQUEST TO CONTINUE THE APRIL 17, 2013, HEARING, AND REQUEST FOR A SETTLEMENT CONFERENCE ON MAY 22, 2013** |

Pursuant to the Court's March 15, 2013 Order, the parties respectfully submit the following Proposed Joint Case Management Statement. Because settlement discussions are ongoing between the parties, and because service of the defendants will not be effected until Monday, March 25, 2013, the parties jointly request that the Court continue the currently-scheduled April 17, 2013, hearing until July 3, 2013, pursuant to the schedule proposed herein.

**1.   Failure to Comply with Reassignment Order**

The parties have been engaged in settlement discussions, and inadvertently failed to realize the Court's reset deadline for the CMC statement.  Plaintiff's counsel had calendared the

1   prior Court's deadline in April, and noted in the Reassignment Order (Docket #6) that all prior

2   case management conference dates had been vacated and would be reset by this Court, per Para.

3   6.  Counsel now also note the second sentence of Para. 10 of that order, and appreciate the

4   Court's indulgence with this joint filing.

5       **2.  Jurisdiction and Service**

6           This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 *et seq.* (the

7   "Lanham Act") and federal common law.  Accordingly, this Court has federal question

8   jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1125(d), and 28 U.S.C.

9   §§ 1338(a), (b).  The Court has supplemental jurisdiction over the claims in this Complaint that

10  arise under statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a)

11  because the state law claims are so related to the federal claims that they form part of the same

12  controversy and derive from a common nucleus of operative facts. This Court has personal

13  jurisdiction over Defendants because Defendants reside in and do business in this judicial

14  district.  Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants

15  reside in and are subject to personal jurisdiction in this judicial district.

16          Plaintiff contends that defendant Fauxjob Industries was properly served on January 17,

17  2013; defendant Fauxjob contends that service was not properly effected. Plaintiff's Proof of

18  Service was filed with the Court on March 18, 2013. Additionally, all defendants had actual

19  notice of the Order via email notification.

20          Following a conference between the parties on March 21, 2013, all defendants have

21  agreed to accept service of the Complaint through counsel, effective March 25, 2013. The parties

22  have agreed that Defendants will have 45 days from that date to respond to the Complaint.

23      **3.  Facts**

24          **A.  Plaintiff's Statement**

25          This action arises from the bad faith and unlawful attempts of Jack Shamama, Michael

26  Stabile, and Fauxjob Industries (collectively, "Defendants") to profit from their unauthorized

27  registration and use of a domain name – kimshollywoodlist.com (the "Domain") -- that is

28

1   virtually identical and confusingly similar to Plaintiff's Kimz Hollywood List trademark and

2   kimzhollywoodlist.com domain name.  This has caused consumer confusion with respect to

3   source, sponsorship or affiliation of the websites hosted and advertised at the Domain, and unfair

4   gain to Defendants, all to the detriment of the public and Plaintiff.

5        Plaintiff Kim Goedde has invested heavily in promoting and advertising her website and

6   services under the trademark Kimz Hollywood List, providing "positive only" celebrity news

7   and information to the public via the registered domain name kimzhollywoodlist.com.  Plaintiff

8   is the owner of the domain name kimzhollywoodlist.com, which was created and registered on

9   October 5, 2009.

10        Substantial amounts of time, effort, and money have been expended by Plaintiff to ensure

11  that the public associates the Kimz Hollywood List trademark, the kimzhollywoodlist.com

12  domain name, and Plaintiff's associated website as a place to find "positive only" celebrity news

13  and information.  As a result of its reputation for excellence and its unique focus on "positive

14  only" news and information, Plaintiff's trademark, domain name and website enjoy tremendous

15  recognition and a strong following of Internet users.

16        On or about January 14, 2012, Defendants registered the confusingly similar

17  kimshollywoodlist.com domain name (the "Domain").  For more than eight months in 2012,

18  internet users who attempted to visit the Domain were automatically redirected to a website –

19  gaypornblog.com -- which was and is operated by Defendants and which immediately displays to

20  any internet user, of any age, many highly graphic images of gay pornography.  Plaintiff has

21  preserved evidence of the content displayed to internet users seeking her website, but cannot

22  redact that evidence enough to provide a true copy as an Exhibit to this Complaint.

23        Defendants registered the Domain (kimshollywoodlist.com) with the obvious purpose of

24  confusing consumers looking for Plaintiff's "positive only" celebrity news website located at

25  Plaintiff's domain -- kimzhollywoodlist.com.  Instead, those internet users, many of them minors

26  under the age of 18, were directed immediately to an explicit gay pornography website run

27  commercially and unlawfully by Defendants, depicting many graphic pornographic images

28

1    without even a warning or other notification that such material is not appropriate for minors.

2           Defendants registered and used the Domain with full knowledge of Plaintiff, her domain

3    name and her website, in willful disregard for Plaintiff's rights, and with obvious intent to tarnish

4    Plaintiff's reputation and to obtain undue and illegal commercial advantage in doing so.  In short,

5    Defendants hijacked internet users looking for Plaintiff, and displayed graphic pornography to

6    those unwitting users – many of them minors, solely for Defendants' personal gain.  Defendants

7    have demonstrated a pattern of such behavior, as they also own or have owned several other

8    domain names constituting obvious infringements of other well-known marks, including without

9    limitation:  prilosex.com, homochatroulette.com/.net, and youtubelebreties.com/.net.  Plaintiff is

10   entitled to damages for the harm caused to her business and reputation via Defendants' conduct

11   which lasted more than 8 months.  The Anti-cybersquatting Consumer Protection Act ("ACPA")

12   was enacted specifically to outlaw this type of behavior, including a statutory damages provision

13   based upon the realization that actual damages are difficult if not impossible to prove in such

14   situations.  Further, the Truth in Domains Act ("TDA") provides criminal penalties for such

15   conduct insofar as it directs minors to obscene materials, as set forth in the Plaintiff's Complaint,

16   ¶32.  The ACPA and the California Unfair Competition Law each separately provide for

17   recovery of attorneys' fees in this action.

18          **B.  Defendant's Statement**

19          In the interest of fostering goodwill and resolving this dispute informally, Defendant

20   Stabile transferred the domain at issue to Ms. Goedde *before this action was filed*; she owns it

21   today, and has owned it for more than six months.  Defendant Stabile transferred the domain

22   promptly, without benefit of counsel, and without resistance, after Plaintiff's counsel notified

23   him that Ms. Goedde wanted the domain transferred to her control. Defendants did not receive

24   payment for the domain –even though Ms. Goedde voluntarily offered to make such a payment.

25          Defendants hoped that immediately relinquishing the domain would resolve the matter.

26   Unfortunately, Plaintiff, who apparently makes a *de minimis* profit from her blog and has

27   suffered a *de minimis* amount of actual harm, believes that obtaining the domain without

28

1   resistance was not enough, and that she is also entitled to a windfall award of statutory damages

2   under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), among

3   the other relief requested.

4          Though the range of statutory damages available to successful ACPA plaintiffs is

5   between $1,000 and $100,000, courts often award statutory damage amounts at the low end of

6   that range, especially in cases where plaintiffs have suffered no actual damage. In addition,

7   Plaintiff is ineligible for an award of attorney's fees if she elects to recover statutory damages

8   under 15 U.S.C. § 1117, pursuant to *K & N Eng'g, Inc. v. Bulat*, 510 F.3d 1079, 1082 (9th Cir.

9   2007).In this case, defendants promptly transferred the domain name without resistance, are not

10  in the business of "squatting" on domains, and caused no harm to Plaintiff.

11         Though Plaintiff makes much of the fact that Defendants are involved with "gay

12  pornography," the frequency with which this fact is mentioned is out of proportion to the

13  relevance (if any) it may have to Plaintiff's claims. Indeed, it would seem to be a bad fact for

14  Plaintiffs from a trademark perspective, as one of the key trademark infringement factors is "the

15  relatedness of the goods and services offered."  Here, the goods/services are not closely related.

16         Defendants also contend that Ms. Goedde does not own a valid and protectable trademark

17  – a prerequisite not only to Plaintiff's ACPA claim, but to other claims as well – and that even if

18  she did own a valid trademark it would be entitled only to a narrow scope of protection. The

19  Kimz Hollywood List designation is not a registered trademark and is either a generic term (for

20  "Kim's Hollywood List") or merely descriptive of Plaintiff's blog. Accordingly, the designation

21  is either unprotectable, or a weak designation entitled to only a narrow scope of protection.

22         In addition, the Kimz Hollywood List designation is deceptive when applied to the goods

23  and services with which it is used – celebrity news – because the designation is primarily

24  geographically deceptively misdescriptive of those goods and services, which do not originate

25  from Hollywood despite the clear implication of the alleged mark.  Not only is a such a mark

26  unprotectable under the Lanham Act, see 15 U.S.C. § 1052(a), and therefore incapable of

27  supporting Plaintiff's claims, the use of such a mark by Ms. Goedde is itself actionable. *See* 15

28

1    U.S.C. § 1125(a)(1). Defendants are considering the assertion of counterclaims against

2    Ms. Goedde for use in commerce of that deceptive designation.

3        Defendants are still in the process of investigating their potential claims and defenses, but

4    even at this early stage Ms. Goedde's case against the Defendants appears weak and her damages

5    (if any) appear *de minimis*. Defendants believe strongly that this case is ripe for early settlement.

6    **4. Legal Issues**

7        Plaintiff's first cause of action alleges that Defendant's violated 15 U.S.C § 1125(d)

8    when they registered, trafficked in, and/or used the infringing Domain with a bad-faith intent to

9    profit from Plaintiff's trademark and associated goodwill, and with intent to tarnish Plaintiff's

10    trademark.

11        Plaintiff's second cause of action alleges that Defendants infringed on Plaintiff's State

12    and Federal Common Law Trademark rights when Defendants, without permission, authority or

13    license from Plaintiff, participated in or otherwise knowingly contributed to the affixation,

14    application, and/or use by one another and their customers/clients and others in connection with

15    the advertisement, display, promotion, marketing, distribution, publication, provision, offering

16    for sale and/or sale of goods or services, of false descriptions and representations, including

17    words which tend to falsely describe or represent such goods or services as Plaintiff's and/or

18    affiliated with Plaintiff, all to the detriment of Plaintiff.

19        Plaintiff's third cause of action alleges that Defendant's violated Cal. Bus. & Prof. Code

20    §17200 *et seq.,* because their actions were unlawful, unfair, and/or fraudulent, and have caused

21    damage to Plaintiff and injury to her business.

22        Plaintiff's fourth cause of action alleges Common Law Unfair Competition where

23    Defendants have unfairly competed with Plaintiff by their registration and use of the infringing

24    Domain, with the intent to trade off the goodwill earned by Plaintiff and associated with

25    Plaintiff's brand.

26    **5. Motions**

27        There are no pending motions before the court.

28

**6.   Amendment of Pleadings**

Plaintiff does not currently anticipate filing any amended pleadings.

**7.   Evidence Preservation**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

Parties met and conferred on March 21, 2013 regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**8.   Disclosures**

Parties anticipate full and timely compliance with initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

**9.   Discovery**

The parties believe no changes are necessary.

**10. Class Actions**

This case is not a class action.

**11. Related Cases**

There are currently no related cases pending before a United States District or State Court.

**12. Relief**

Plaintiff seeks the following relief as set forth in the Complaint's Prayer for Relief:

1.     That an order be entered which permanently enjoins Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with any Defendant, from engaging in any of the following activities:

a.  Contributing to, or registering, trafficking in, or using, in any manner, any trademarks(s), trade name(s), and/or domain name(s) that are confusingly similar to the Kimz Hollywood List trademark and kimshollywoodlist.com domain name;

b.  Contributing to, or transferring, releasing, deleting, or assigning any trademarks(s), trade name(s), and/or domain name(s) that are confusingly similar to the Kimz

1   Hollywood List trademark and kimzhollywoodlist.com domain name;

2          c.  Contributing to, or engaging in trademark infringement, trade name

3   infringement, counterfeiting, unfair competition, false designation of origin, passing off, or false

4   advertising against Plaintiff, or misappropriation of Plaintiff's trademark rights; and

5          d.  Assisting, aiding, or abetting any other person or business entity in engaging in

6   or performing any of the activities referred to in subparagraphs (a) through (c) above.

7          2. And that the Court enter a Final Judgment:

8          a.  Ordering Defendants to transfer any other domain name(s) that it owns or

9   controls, directly or indirectly, or that were registered at their direction, request, or instruction,

10  that are confusingly similar to Plaintiff's mark;

11         b. Ordering Defendants to engage in corrective advertising at their own expense

12  to the extent necessary to correct consumer confusion or misperceptions resulting from

13  Defendants' unlawful acts complained of above;

14         c. Ordering Defendants to account to Plaintiff for, and disgorge, all profits it has

15  derived by reason of the unlawful acts complained of above;

16         d. Ordering Defendants to pay treble damages;

17         e. Ordering Defendants to pay statutory damages of $100,000 for each domain

18  name found to constitute cybersquatting;

19         f. Ordering Defendants to pay Plaintiff's reasonable attorneys' fees, prejudgment

20  interest, and costs of this action;

21         g. Ordering Defendants to file with the Court and serve upon Plaintiff a written

22  report under oath setting forth in detail the manner and form in which Defendants have complied

23  with the injunction and judgment within thirty (30) days after the service of the injunction and

24  judgment upon Defendants;

25         h. Ordering Defendants to pay punitive damages in an amount to be determined,

26  based upon the foregoing acts of Defendants;

27         i. Ordering Defendants to notify their commercial partners, associates, dealers,

28

1  distributors, suppliers, customers, and clients of this Order;

2         j. That the Court retain jurisdiction of this action for the purpose of enabling

3  Plaintiff to apply to the Court, at any time, for such further orders and directions as may be

4  necessary or appropriate for the interpretation or execution of any order entered in this action, for

5  the modification of any such order, for the enforcement or compliance herewith, and for

6  punishment of any violation thereof; and

7         k.  That the Court require a full and complete accounting of all monies received

8  by Defendants as a result of the infringement; and,

9         l.  Granting Plaintiff such other relief as the Court may deem appropriate.

10  Defendants shall file their Answer no later than May 9, 2013, and may request relief at that time,

11  including but not limited to for Ms. Goedde's use of the primarily geographically deceptively

12  misdescriptive KIMZ HOLLYWOOD LIST designation, pursuant to 15 U.S.C. § 1125(a)(1).

13  **13. Settlement and ADR**

14         Settlement discussions are ongoing.  The parties would welcome referral to appropriate

15  ADR process. Specifically, the parties request that an early settlement conference be scheduled

16  with a judge or magistrate judge shortly after Defendants respond to the Complaint. The parties

17  propose May 22, 2013 for the conference, or another similar date acceptable to the Court.

18  **14. Consent to Magistrate Judge For All Purposes**

19         The parties do not consent to have a magistrate judge conduct all further proceedings

20  including trial and entry of judgment.

21  **15. Other References**

22         The parties do not believe this case is suitable for reference to binding arbitration, a

23  special master, or the Judicial Panel on Multidistrict Litigation.

24  **16. Narrowing of Issues**

25

26         The parties do not currently anticipate a narrowing of issues either by agreement or by

27  motion.  However, Defendants are exploring the possibility of a motion to dismiss certain claims

28

and/or parties, and as the case proceeds the parties will explore other options for narrowing the issues.

**17. Expedited Trial Procedure**

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**18. Scheduling**

The parties propose the following dates

    a.  Defendants' responsive pleadings due: May 9, 2013

    b.  Requested settlement conference: May 22, 2013

    c.  Rule 26(f) conference:June 3, 2013

    d.  Initial disclosures/case management statement: June 17, 2013

    e.  Case Management Conference: July 3, 2013

    f.  Designation of Experts: December 4, 2013

    g.  Discovery Cutoff: February 21, 2014

    h.  Last day to file Dispositive Motions: March 31, 2014

    i.  Pre-trial Conference: July 15, 2014

    j.  Trial: August 11, 2014

**19. Trial**

Plaintiff has requested a jury trial.  The parties believe the case will be ready for trial according to the schedule set forth herein.

**20. Disclosure of Non-party Interested Entities or Persons**

The parties are not aware of any Non-party Interested Entities or Persons.

DATED: 22 March 2013                                  Respectfully submitted,

By: _____

---

**RODENBAUGH LAW**
548 Market Street
San Francisco, CA 94104

**JOINT CASE MANAGEMENT STATEMENT**
Case No. 3:13-00195 JSW

Michael L. Rodenbaugh
Erin Dennis Vivion
RODENBAUGH LAW
548 Market Street
San Francisco, CA 94104
(415) 738-8087 tel/fax
info@rodenbaugh.com

Attorneys for Plaintiff Kim Goedde

_____

Chris K. Ridder (State Bar No. 218691)
Benjamin A. Costa (State Bar No. 245953)
RIDDER, COSTA & JOHNSTONE LLP
12 Geary Street, Suite 701
San Francisco, California 94108
Tel: (415) 391-3311
ecf@rcjlawgroup.com

Attorneys for Defendants Shamama, Stabile, and Fauxjob Industries.